Allen, J.
A wife can only be barred of dower by a conviction of adultery in an action fo*. a divorce, and by the judgment of the court in such action. (2 R. S., 146, § 48 ; 1 id., p. 741, § 8.) The loss of dower is a part of the penalty for the offence and follows the judgment. A forfeiture of dower cannot be established by proof of adultery, or by a verdict or judgment in any other action. The proof or admission upon the record of adultery in an action to recover dower, will not defeat the action under the statutes of this State.
A cohabitation by the husband with the wife after the commission of adultery by her, with knowledge of the fact, condones the offence and is an absolute bar to an action for a divorce. (2 R. S., 145, § 42.) There is no longer a cause of action in the husband, and it necessarily follows that there can be no conviction: The parties bear the same relation to each other, and have the same civil rights as if no offence had ever been committed. An action cannot be maintained merely to establish the fact that an offence has been committed which has been blotted out and forgiven by the injured party, to establish facts which would have sustained an action, but which has been satisfied or released, and is barrea in order that one of the penalties which would follow a conviction may attach to the offending wife. The law does not thus distinguish between and divide the legal consequences of the wrongful act of' the wife, blotting out the more serious forfeitures of position and the ordinary legal and civil rights of a married woman, but condemning her to the minor forfeiture of dower, <.
*596 The reasons assigned for the order by Judge Fahcheb at Special Term, and Judge Ingraham at the General Term of the Supreme Court, -are entirely conclusive, and render a more elaborate discussion of the question unnecessary.
The order must be affirmed.
■ All concur.
Order affirmed.